UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCES REITZ, | ) |
| | ) |
| Plaintiff, | ) Case No. 15-cv-01854 |
| v. | ) |
| | ) Judge John W. Darrah |
| OFFICER MARTIN CREIGHTON, #5119; | ) |
| SERGEANT ROBERT LEE; | ) |
| OFFICER VINCENT CLARK; | ) |
| and the CITY OF NAPERVILLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action, alleging one federal claim for multiple violations of 42 U.S.C. § 1983 *et. seq.*, and two state law claims. Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure of service of process, move to dismiss Counts IV through VIII of this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and move to strike pursuant to Federal Rule of Civil Procedure 12(f). In response to Defendants' Motion to Dismiss, Plaintiff requests leave to file an amended complaint to cure defects in Counts V, VII, and VIII and voluntarily withdraws Count VI of her claim. Defendants raise no objections to this request in their Reply. Accordingly, Plaintiff is granted leave to file an amended complaint, and Count VI is dismissed with prejudice. The remaining issues in Defendants' motion are discussed here. For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the Complaint and its exhibits and assumed to be true for purposes of the Motion. On July 31, 2013, Defendants Sergeant Robert Lee and Officers

Martin Creighton and Vincent Clark ("Defendant Officers") of the Naperville Police Department responded to an individual in distress at 2565 Brockton Circle, Naperville, Illinois 60565. The individual in distress was the brother of Plaintiff's fiancé. (Compl. ¶¶ 8-11.) Plaintiff was at the police-created perimeter at the time the house was searched.

Once the distressed individual was removed from the residence, Plaintiff requested and received permission to enter the residence from an unidentified commanding official. Upon entering, Officer Creighton "violently threw Plaintiff out of the residence and onto the ground." (Compl. ¶¶ 13-14.) Officer Clark then "caused Plaintiff to stay on the ground," and Sergeant Lee did not intervene at any time in reaction to this use of force. (Compl. ¶¶ 16-18.) Officer Creighton then arrested Plaintiff.

Plaintiff was charged with obstruction of a peace officer and battery of a peace officer. These charges were dismissed about one year later, on July 10, 2014. (Compl. ¶¶ 23, 25.) Plaintiff maintains that at no time did she obstruct, strike, or batter the officers, or violate any law. Additionally, Plaintiff states that when the Defendant Officers took her into custody, "no reasonable suspicion, probable cause, or other legal basis existed for the arrest or prosecution." (Compl. ¶¶ 20-22.) Plaintiff brings several federal claims against Defendants under 42 U.S.C. § 1983 and several supplementary state law claims arising out of the incident. Defendants contend that the entire Complaint should be dismissed because Plaintiff failed to properly effect service. Defendants do not challenge the federal claims laid out in Counts I, II and III but contend that Count IV should be dismissed.

## LEGAL STANDARD

### *12(b)(5) Motion*

The plaintiff in a federal suit must ensure that each defendant receives a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). These service requirements provide notice to parties and allow a district court to exercise jurisdiction over a defendant. *See Henderson v. United States*, 517 U.S. 654, 672 (1996); *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). When serving a state or local government organization, plaintiff must deliver a copy of the complaint and summons to the organization's chief executive officer or serve the complaint and summons in accordance with state law. Fed. R. Civ. P. 4(j)(2).

A defendant may use a pretrial motion to dismiss to enforce the service of process requirements. Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Where service has not been perfected, a district court may, on its own or on the defendant's motion, dismiss the case or set a time by which plaintiff must serve the defendant properly. Fed. R. Civ. P. 4(m). As the rule indicates, the district court may exercise discretion in deciding whether to dismiss or extend the period for service. *Ligas*, 549 F.3d at 501.

### *12(b)(6) Motion*

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

### *Service of Process*

Defendants in this case contend that Plaintiff's efforts at effecting service on the City of Naperville and the individual police officers do not satisfy the requirements of either the Federal Rules of Civil Procedure or Illinois state law. Additionally, Defendants note that Plaintiff did not request that service of process be waived. Plaintiff contends that Defendants waived the defense of insufficient service by entering "general" appearances in the case and filing a motion for an extension of time without reserving objections to insufficient service. Plaintiff also requests an extension of time to serve Defendants if is determined that they did not waive their objection.

While the Seventh Circuit has not weighed in on this issue, several district courts have noted that "by requiring that the summons and complaint be 'deliver[ed],' Rule 4(j)(2) requires personal service." *Miles v. WTMX Radio Network*, No. 02 CV 427, 2002 WL 1359398, at *2

4

(N.D. Ill. June 20, 2002) report and recommendation approved in part, No. 02 C 427, 2002 WL 1613762 (N.D. Ill. July 17, 2002) (discussing the Advisory Committee Notes to 1993 Amendment to Fed. R. Civ. P. 4 which clarifies that delivery requires personal service and the "affirmative cooperation of the defendant"). *See Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 781 (N.D. Ill. 1998) (service by certified mail does not satisfy Rule 4(j)). Alternatively, Rule 4(e)(1) allows service to be effected "pursuant to the law of the state in which the district is located . . . ." Fed. R. Civ. P. 4(e)(1).

Illinois law dictates that service may be made on a governmental entity by "leaving a copy with . . . the mayor or city clerk in the case of a city . . . with the supervisor or town clerk in the case of a town, and with the president or clerk or other officer corresponding thereto in the case of any other public, municipal, governmental or quasi-municipal corporation or body." 735 ILCS 5/2–211. Illinois law also sets forth how a plaintiff can serve a summons upon an individual defendant and reads in relevant part:

> (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode . . . .

735 Ill. Comp. Stat. Ann. 5/2-203. Plaintiff attempted to effect service on the City of Naperville by first sending a facsimile letter advising the City that the complaint and summons were being sent and then sending said documents by certified mail. Plaintiff notified the individual police officers in the same manner as the City of Naperville—by facsimile letter and then in hard copy by certified mail addressed to the Naperville Police Department. Plaintiff does not dispute that she failed to deliver the complaint and summons by personal service to the Defendants.

Accordingly, Plaintiff's service of process on the City of Naperville and all individual officers is deficient.

Plaintiff also claims that Defendants waived the defense of insufficient service. However, Defendants properly point out in their Reply brief that Federal Rule of Civil Procedure 12 eliminated the distinction between general and special appearances and "[a]s long as defendants comply with the rules by raising their defenses in their first responsive pleading or consolidate their defenses in a pre-pleading motion under Fed.R.Civ.P. 12(b), they do not waive their Rule 12(b) defenses." *See Swanson v. City of Hammond, Ind.*, 411 F. App'x 913, 915-16 (7th Cir. 2011) ("Preliminary litigation actions, such as the defendants' request for an extension of time to file their responsive pleading, do not waive or forfeit personal-jurisdiction defenses."); *In re Hijazi*, 589 F.3d 401, 413 (7th Cir. 2009).

Where a plaintiff is facing dismissal due to insufficient service of process, the court may grant an extension to the plaintiff in one of two instances. First, if the plaintiff can show good cause for the failure or delay in effecting proper service, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if the plaintiff does not show good cause, the court may exercise discretion in granting an extension for service in cases of excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002).

The Complaint initiating this case was filed on March 2, 2015. The Defendants acknowledge receiving notice of the lawsuit one day later, on March 3, 2015, and hard copies of the summons and complaints three days later, on March 6, 2015. (Def. Resp. at 6.) Defendants were made aware of the lawsuit against them and were able to begin preparing their defenses

almost immediately. Additionally, Defendants make no argument in their Reply that Plaintiff's failure to effect sufficient service of process prejudiced them in any way or delayed the course of the litigation. Defendants also did not explicitly object to Plaintiff's request for an extension to effect proper service in their Reply. Finally, Rule 4(m) provides Plaintiff 120 days to serve Defendants after the Complaint is filed, and at the time Defendants filed their Motion to Dismiss on May 12, 2015, only about half of that time had elapsed. Fed. R. Civ. P. 4(m). Accordingly, Plaintiff is granted an extension to personally serve all Defendants in accordance with the Federal Rules of Civil Procedure or Illinois state law within thirty days of this opinion. Failure to do so will result in dismissal with prejudice.

*Plaintiff's Federal and State Claims*

Defendants move to dismiss part of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants do not challenge the sufficiency of Plaintiff's 42 U.S.C. § 1983 claims in Count I (use of excessive force by Officers Creighton and Clark), Count II (failure to intervene by Sergeant Lee), and Count III (false arrest by Sergeant Lee and Officers Creighton and Clark).

*Count IV: Federal Conspiracy Claim*

Defendants move to dismiss Count IV because they allege that Plaintiff fails to plead sufficient facts establishing a civil conspiracy claim under 42 U.S.C. § 1983 and, alternatively, that the claim is barred by the intra-corporate conspiracy rule. To establish a claim of civil conspiracy under 42 U.S.C. § 1983, a plaintiff must allege "[s]he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law." *Kelley v. Myler*, 149 F.3d 641, 648 (7th Cir. 1998) (citing

7

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–156 (1978); s*ee also Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). "A plaintiff bringing a claim of civil conspiracy pursuant to § 1983 need not allege an overt act to make the claim actionable." *Piphus v. City of Chicago*, No. 12–cv–7259, 2013 WL 3975209, at *7 (N.D. Ill. Aug. 1, 2013) (citing *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir.2002)). In fact, the Seventh Circuit held that it is enough to merely indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with. *Walker v. Thompson*, 288 F. 3d 1005, 1007 (7th Cir. 2002). Further, this remains true even after *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Id.; Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009).

The Complaint is specific with regard to the time and place of the first conspiracy as pled by Plaintiff. The initial incident occurred on July 31, 2013, at Plaintiff's fiancé's residence, 2565 Brockton Circle, Naperville, Illinois 60565. Plaintiff states that the officers conspired to falsely detain her and file false criminal charges against her. She alleges that Sergeant Lee did not intervene when Officers Creighton and Clark were using excessive force to arrest her without provocation. Plaintiff then claims that the individual officers conspired further to generate false and/or incomplete official reports to cover up the false detention and charges. Plaintiff's conspiracy claim indicates the parties, general purpose, and approximate date, and is not vague or conclusory. Thus, Plaintiff's Complaint is sufficiently pled.

Defendants also contend this count should be dismissed on the basis of the intra-corporate conspiracy doctrine. The purpose of the intra-corporate conspiracy doctrine is to ensure that "managers of a corporation jointly pursuing its lawful business do not become conspirators when acts within the scope of their employment are said to be discriminatory or

8

retaliatory." *Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994) (citations and internal quotation marks omitted). While the doctrine was applied to claims under § 1985 against governmental entities by the *Wright* court, the Seventh Circuit has not extended the doctrine to such conspiracy claims under § 1983. Some judges in this district have extended the doctrine to § 1983 claims. *See Tabor v. City of Chicago*, 10 F.Supp.2d 988, 994 (N.D. Ill. 1998) (collecting cases). However, a majority of district courts in this circuit have found the intra-corporate conspiracy doctrine inapplicable to § 1983 cases involving police. *See Cannon v. Burge*, No. 05 C 2192, 2006 WL 273544, at *14 (N.D. Ill. Feb. 2, 2006) (St. Eve, J.) (collecting cases), *aff'd*, 752 F.3d 1079 (7th Cir. 2014). The following reasoning set forth in *Newsome v. James* is persuasive:

> The intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory. The conduct plaintiff challenges here does not fit that mold. The decision to frame plaintiff for . . . murder, as plaintiff alleges it, is not the product of routine police department decision-making.

No. 96 C 7680, 2000 WL 528475, at *15 (N.D. Ill. Apr. 26, 2000) (*James*); *see Banister v. City of Chicago*, this Court No. 06 CV 5759, 2009 WL 393865, at *5 (N.D. Ill. Feb. 12, 2009) (declining to extend the intra-corporate conspiracy doctrine to plaintiff's § 1983 claims against police officers of the City of Chicago). In this case, Plaintiff alleges that Defendants conspired to file false and incomplete reports to cover up her illegal detention, the use of excessive force against her, the failure of officers to intervene, and to prevent disclosure of their misconduct. This alleged behavior is not the product of "routine police department decision-making."

**CONCLUSION**

For the reasons discussed above, Defendants' Motion to Dismiss [11] is granted in part and denied in part. Defendants' Motion to Dismiss is denied with regards to Count IV, and granted with regards to Counts V, VI, VII and VIII of Plaintiff's Complaint. Counts V, VII, and VIII are dismissed without prejudice, and Count VI is dismissed with prejudice. Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Order, if she can do so in a manner consistent with this Opinion and Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is also granted an extension to effect proper service on all Defendants within thirty days of the entry of this Order.

Date: August 26, 2015

_____
JOHN W. DARRAH
United States District Court Judge