IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCES REITZ,<br><br>PLAINTIFF,<br><br>V.<br><br>OFFICER MARTIN CREIGHTON, #5119, SERGEANT ROBERT LEE, OFFICER VINCENT CLARK and the CITY OF NAPERVILLE,<br><br>DEFENDANTS. | Case No: 15-cv-1854<br><br>Judge: Darrah |

## <u>AMENDED COMPLAINT</u>

NOW COMES the PLAINTIFF FRANCES REITZ, by and through her attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, Ltd., complaining of DEFENDANT OFFICER MARTIN CREIGHTON, #5119, SERGEANT ROBERT LEE, OFFICER VINCENT CLARK ("INDIVIDUAL DEFENDANT OFFICERS"), and the CITY OF NAPERVILLE, and states as follows:

## <u>JURISDICTION AND VENUE</u>

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), as the federal claims are brought under 42 U.S.C. § 1983. Venue is proper pursuant to 28 U.S.C. § 1391(b), as all or some of the parties reside in the Northern District of Illinois and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the PLAINTIFF'S state law claims pursuant to 28 U.S.C. § 1367(a), as the claims arise

out of the same group of operative facts.

## PARTIES

2. The PLAINTIFF, FRANCES REITZ, is a citizen of the United States who at all times relevant to the allegations herein lived in Cicero, Illinois, and who at all times enjoyed the rights enumerated under the Constitution of the United States.

3. Pursuant to 745 ILCS 10/9-102, the DEFENDANT CITY OF NAPERVILLE is a duly constituted local public entity, and is liable for any judgments entered against the INDIVIDUAL DEFENDANT OFFICERS arising in the course of their employment.

4. Pursuant to 42 U.S.C. *sec.* 1988 the INDIVIDUAL DEFENDANTS are liable for attorney fees if there is a judgment found against the INDIVIDUAL DEFENDANTS for any federal claim(s) alleged in this action.

5. Pursuant to 42 U.S.C. *sec* 1988 the CITY OF NAPERVILLE is liable for attorney fees if there is a judgment found against the INDIVIDUAL DEFENDANTS for any federal claim(s) alleged in this action.

6. The DEFENDANT CITY OF NAPERVILLE is a duly constituted local public entity, and is liable for any judgments entered against the INDIVIDUAL DEFENDANT OFFICERS arising in the course of their employment.

7. When the INDIVIDUAL DEFENDANT OFFICERS engaged in the conduct alleged in this COMPLAINT, they were acting in the course and scope of their employment.

8. When the INDIVIDUAL DEFENDANT OFFICERS engaged in the conduct alleged in this COMPLAINT, they were on duty.

9. When the INDIVIDUAL DEFENDANT OFFICERS engaged in the conduct alleged in this COMPLAINT, they were acting as agents of the DEFENDANT CITY OF NAPERVILLE.

10. When the INDIVIDUAL DEFENDANT OFFICERS engaged in the conduct alleged in this COMPLAINT, they were acting under color of law.

## FACTS

11. On July 31, 2013, INDIVIDUAL DEFENDANT OFFICERS performed a search of 2565 Brockton Circle, Naperville, Illinois 60565.

12. The INDIVIDUAL DEFENDANT OFFICERS created a perimeter surrounding the above address.

13. At that time, the PLAINTIFF was present at the perimeter of the residence.

14. At that time, PLAINTIFF'S fiancé's brother was within the residence and in distress.

15. Once PLAINTIFF'S fiancé's brother was removed from the residence by police officers, PLAINTIFF requested to enter the residence and was permitted to enter by a commanding official.

16. PLAINTIFF entered the residence and encountered DEFENDANT CLARK and DEFENDANT LEE.

17. Without cause, DEFENDANT CREIGHTON violently threw

PLAINTIFF out of the residence and onto the ground.

18. Without provocation or reason, DEFENDANT CREIGHTON caused PLAINTIFF to be aggressively placed onto the ground. This use of force onto PLAINTIFF was objectively unreasonable.

19. Without provocation or reason, DEFENDANT CLARK caused PLAINTIFF to stay on the ground.

20. PLAINTIFF suffered physical and emotional injuries.

21. DEFENDANT LEE failed to intervene in the objectively unreasonable force used against PLAINTIFF by DEFENDANT CREIGHTON.

22. Without any lawful basis, DEFENDANT CREIGHTON arrested PLAINTIFF.

23. On July 31, 2013, PLAINTIFF did not:

a. Strike any of the INDIVIDUAL DEFENDANT OFFICERS;

b. Violate a law in the presence of any INDIVIDUAL DEFENDANT OFFICERS;

c. Violate a law at any time; or

d. Use force directed at or against any of the INDIVIDUAL DEFENDANT OFFICERS.

24. On July 31, 2013, PLAINTIFF did not obstruct OFFICER CREIGHTON in violation 720 ILCS 5/12-3(a)(2).

25. On July 10, 2014 PLAINTIFF was found not guilty of obstruction of OFFICER CREIGHTON at a jury trial.

26. On July 31, 2013, the PLAINTIFF did not batter OFFICER CREIGHTON pursuant to 720 ILCS 5/31-1(a).

27. PLAINTIFF was found not guilty of battery of OFFICER CREIGHTON at a jury trial on July 10, 2014.

28. On July 31, 2013, PLAINTIFF did not commit an act contrary to the laws of the State of Illinois, nor was she at any time the focus or subject of a criminal investigation.

29. PLAINTIFF was placed under arrest although the INDIVIDUAL DEFENDANT OFFICERS knew that no reasonable suspicion, probable cause, or other legal basis existed for the arrest or prosecution of PLAINTIFF.

30. PLAINTIFF was charged with obstruction of a peace officer and with battery of a peace officer. All charges against PLAINTIFF were dismissed on July 10, 2014.

31. On July 31, 2013, and continuing to the filing of this Complaint, the INDIVIDUAL DEFENDANT OFFICERS made an agreement to violate the rights of PLAINTIFF and took steps in furtherance thereof, including but not limited to the filing of false and incomplete police reports and charges. These Defendants knew that by filing these charges and conspiring to file these charges, the PLAINTIFF would be criminally prosecuted.

32. The PLAINTIFF was criminally prosecuted based on the known falsehoods that INDIVIDUAL DEFENDANTS created when they drafted, agreed to draft and/or conspired to draft false police reports and criminal charges against the PLAINTIFF.

33. The initiation and continued prosecution of the PLAINTIFF was

caused by the INDIVIDUAL DEFENDANTS.

34. On July 10, 2014, PLAINTIFF was cleared of all charges in a manner indicative of her innocence.

## COUNT I
## Excessive Force Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution against DEFENDANT CREIGHTON and DEFENDANT CLARK

35. PLAINTIFF re-alleges paragraphs 1-33 as set forth above.

36. DEFENDANT CREIGHTON violently threw PLAINTIFF out of the residence and caused her to be aggressively placed onto the ground.

37. DEFENDANT CREIGHTON saw the body of the PLAINTIFF move from the porch of the house to the ground directly next to the porch of the house after PLAINTIFF left the house.

38. When the PLAINTIFF's body was located on the ground, after the PLAINTIFF's body moved from the porch to the ground, DEFENDANT CLARK held PLAINTIFF on the ground.

39. When the PLAINTIFF's body was located on the ground, after the PLAINTIFF's body moved from the porch to the ground, DEFENDANT CLARK held PLAINTIFF on the ground, using force to do so.

40. DEFENDANT CREIGHTON struck the PLAINTIFF on July 31, 2013.

41. DEFENDANT CLARK saw DEFENDANT CREIGHTON strike the PLAINTIFF on July 31, 2013.

42. The actions by DEFENDANT CREIGHTON and DEFENDANT CLARK directly and proximately caused PLAINTIFF to suffer, without limitation,

physical injury, pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

43. As a result of DEFENDANT OFFICER CREIGHTON'S and DEFENDANT OFFICER CLARK'S violations of PLAINTIFF'S constitutional rights, the PLAINTIFF sustained injuries, including but not limited to physical injury, pain and suffering, humiliation, emotional distress and mental anguish.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in her favor and against DEFENDANT CREIGHTON and DEFENDANT CLARK and award compensatory damages, costs and attorney's fees. PLAINTIFF also demands punitive damages, costs and attorney's fees against DEFENDANT CREIGHTON and DEFENDANT CLARK as well as any other relief that this Court deems just and equitable.

## COUNT II
## Failure to Intervene Claim Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution against DEFENDANT LEE

44. PLAINTIFF re-alleges paragraphs 1-33 as set forth above.

45. DEFENDANT LEE failed to intervene when DEFENDANT CLARK and DEFENDANT CREIGHTON used unreasonable force against PLAINTIFF even though PLAINTIFF was not interfering with the DEFENDANT OFFICERS in the performance of their duties, and posed no threat to herself, the DEFENDANT OFFICERS, or anyone else.

46. These actions by DEFENDANT LEE in failing to intervene in DEFENDANT CREIGHTON'S and DEFENDANT CLARK'S use of excessive force

on PLAINTIFF directly and proximately caused her to suffer, without limitation, physical injury, pain and suffering, humiliation, emotional distress and mental anguish.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in her favor and against DEFENDANT LEE and award compensatory damages, costs and attorney's fees. PLAINTIFF also demands punitive damages, costs and attorney's fees against DEFENDANT LEE as well as any other relief that this Court deems just and equitable.

## COUNT III
## False Arrest Claim Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution against all INDIVIDUAL DEFENDANT OFFICERS

47. PLAINTIFF re-alleges paragraphs 1-33 as set forth above.

48. On or about July 31, 2013, the INDIVIDUAL DEFENDANT OFFICERS arrested, participated in, and/or caused the arrest of PLAINTIFF without probable cause to believe that PLAINTIFF had committed, was committing, or was going to commit any criminal act.

49. The conduct of the INDIVIDUAL DEFENDANT OFFICERS alleged above violated the Fourth Amendment to the United States Constitution.

50. The actions of the INDIVIDUAL DEFENDANT OFFICERS caused the PLAINTIFF to suffer, without limitation, physical injury, pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

51. The actions of the INDIVIDUAL DEFENDANT OFFICERS were the direct and proximate cause of the injuries that PLAINTIFF sustained as a result of

the INDIVIDUAL DEFENDANT OFFICERS' violations of PLAINTIFF'S constitutional rights, alleged above.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in her favor and against the INDIVIDUAL DEFENDANT OFFICERS and award compensatory damages, costs and attorney's fees. PLAINTIFF also demands punitive damages, costs and attorney's fees against the INDIVIDUAL DEFENDANT OFFICERS as well as any other relief that this Court deems just and equitable.

## COUNT IV
## Conspiracy Claim against all INDIVIDUAL DEFENDANT OFFICERS pursuant to 42 U.S.C. § 1983

52. PLAINTIFF re-alleges paragraphs 1-33 as set forth above.

53. One or more of the INDIVIDUAL DEFENDANT OFFICERS conspired and acted together to cause damage to PLAINTIFF by the following actions:

a. Agreeing to detain PLAINTIFF without reasonable suspicion to believe that she had committed, was committing, or was about to commit any criminal act;
b. Agreeing to arrest PLAINTIFF without probable cause; and
c. Agreeing to falsely file criminal charges and institute criminal proceedings against PLAINTIFF.

54. One or more of the INDIVIDUAL DEFENDANT OFFICERS conspired and acted together to cover up the detention of PLAINTIFF without reasonable suspicion and the arrest of PLAINTIFF without probable cause, by generating false

and/or incomplete official reports regarding the activities of PLAINTIFF.

55. One or more of the INDIVIDUAL DEFENDANT OFFICERS conspired and acted together to cover up the use of excessive force against PLAINTIFF and the failure to intervene in the use of excessive force against PLAINTIFF by generating false and/or incomplete official reports regarding the activities involving PLAINTIFF, alleged above.

56. One or more of the INDIVIDUAL DEFENDANT OFFICERS conspired and acted together to cover up and prevent disclosure of their misconduct, alleged above, by generating false and/or incomplete official reports regarding the activities involving PLAINTIFF, alleged above, and giving false and incomplete versions of the events to other officers and/or the State's Attorney's Office.

57. As a result of this conspiracy, the INDIVIDUAL DEFENDANT OFFICERS, by and through their conduct, directly and proximately caused PLAINTIFF to suffer, *inter alia*, physical injury, humiliation, fear, anxiety and emotional distress, to be charged with criminal allegations, and to incur financial losses, including, but not limited to, attorney's fees.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in her favor and against the INDIVIDUAL DEFENDANT OFFICERS and award compensatory damages, costs and attorney's fees. PLAINTIFF also demands punitive damages, costs and attorney's fees against the INDIVIDUAL DEFENDANT OFFICERS as well as any other relief that this Court deems just and equitable.

## COUNT V
## Illinois State Law Claim of Malicious Prosecution against all INDIVIDUAL DEFENDANT OFFICERS

58. PLAINTIFF re-alleges paragraphs 1-33 as set forth above.

59. PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in PLAINTIFF'S favor in a manner indicative of innocence.

60. The PLAINTIFF was charged with battery of OFFICER CREIGHTON pursuant to 720 ILCS 5/31-1(a).

61. The battery charged was litigated in a jury trial.

62. The PLAINTIFF was found not guilty of battery as to OFFICER CREIGHTON.

63. The PLAINTIFF was charged with Obstruction of a Peace Officer directed at OFFICER CREIGHTON pursuant to 720 ILCS 5/12-3(a)(2).

64. This Obstruction of a Peace Officer charge was litigated in a jury trial.

65. The PLAINTIFF was found not guilty this Obstruction of a Peace Officer Charge.

66. OFFICER CREIGHTON testified at the criminal trial.

67. OFFICER CLARK testified at the criminal trial.

68. OFFICER LEE testified at the criminal trial.

69. OFFICER CREIGHTON signed the criminal complaint on August 8, 2013.

70. OFFICER CREIGHTON's star number was #5119 on August 8, 2013.

71. OFFICER CREIGHTON initiated the criminal proceedings against the PLAINTIFF.

72. OFFICER CREIGHTON knew when he drafted the police report it was false.

73. OFFICER CREIGHTON knew when he drafted the Criminal complaint it was false.

74. The drafting of the police report by OFFICER CREIGHTON was a significant cause to the initiation and prosecution of the criminal trial.

75. The drafting of the criminal complaint by OFFICER CREIGHTON was a significant cause to the initiation and prosecution of the criminal trial.

76. In official police documents, and under oath, the INDIVIDUAL DEFENDANT OFFICERS accused PLAINTIFF of criminal activity and made statements to prosecutors and to others including, but not limited to, other Naperville police officers and officials of the DEFENDANT CITY OF NAPERVILLE with the intent of exerting influence to institute and/or continue judicial proceedings against PLAINTIFF.

77. The INDIVIDUAL DEFENDANT OFFICERS knew or should have known that the above-alleged accusations against PLAINTIFF of criminal activity were without probable cause.

78. The statements of the INDIVIDUAL DEFENDANT OFFICERS regarding PLAINTIFF'S alleged culpability were made with knowledge that the

statements were false and/or perjurious. In making these statements, the INDIVIDUAL DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information regarding PLAINTIFF.

79. As a result of the DEFENDANTS' unconstitutional and wrongful conduct, PLAINTIFF has suffered pain and injury including but not limited to damaged reputation, financial loss, and emotional distress.

WHEREFORE, PLAINTIFF requests that judgment be entered in her favor and demands compensatory damages and costs from the INDIVIDUAL DEFENDANT OFFICERS.

**COUNT VI**
**Illinois State Law Claim – Indemnification against the DEFENDANT CITY OF NAPERVILLE**

80. PLAINTIFF re-alleges paragraphs 1-79 as set forth above.

81. INDIVIDUAL DEFENDANT OFFICERS committed the acts alleged above under color of law, while on duty, and in the scope of their employment by DEFENDANT CITY OF NAPERVILLE.

WHEREFORE, should the INDIVIDUAL DEFENDANT OFFICERS be found liable for any of the state law claims alleged in this Complaint, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF NAPERVILLE pay to PLAINTIFF any judgment obtained against the INDIVIDUAL DEFENDANT OFFICERS as a result of this action.

**COUNT VII**
**Supplementary Claim for *Respondeat Superior* against the DEFENDANT CITY OF NAPERVILLE**

82. PLAINTIFF re-alleges paragraphs 1-79 as set forth above.

83. The aforesaid acts of the DEFENDANT CITY OF NAPERVILLE'S officers were committed in the scope of their employment as police officers, and therefore the DEFENDANT CITY OF NAPERVILLE, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, should the INDIVIDUAL DEFENDANT OFFICERS be found liable for any of the state law claims alleged in this Complaint, PLAINTIFF demands judgment against DEFENDANT CITY OF NAPERVILLE and such other additional relief this Court deems equitable and just.

**JURY DEMAND**

PLAINTIFF demands trial by jury.

Respectfully submitted,

*/s/ Blake Horwitz*
One of the Attorneys
For Plaintiff Frances Reitz

Blake Horwitz, Esq.
Joseph Gartner, Esq.
The Blake Horwitz Law Firm, Ltd.
111 West Washington, Suite 1611
Chicago, Illinois 60602
Telephone: (312) 676-2100
Facsimile: (312) 445-8741