UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES REITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| OFFICER MARTIN CREIGHTON, | ) | |
| SERGEANT ROBERT LEE, | ) | |
| OFFICER VINCENT CLARK, and the | ) | Case No. 15-cv-01854 |
| CITY OF NAPERVILLE, | ) | |
| | ) | Judge John W. Darrah |
| Defendants. | ) | |
| OFFICER MARTIN CREIGHTON and | ) | |
| the CITY OF NAPERVILLE, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ANTHONY GARCIA, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Frances Reitz brought this action, alleging one federal claim for multiple violations of 42 U.S.C. § 1983 *et. seq.*, and two state law claims against Defendants, Officers Martin Creighton, Robert Lee, Vincent Clark and the City of Naperville.  Defendant Officer Creighton and Defendant City of Naperville (collectively "Defendants") filed a Third-Party Complaint against Anthony Garcia for contribution to Reitz's action.  Garcia moves to dismiss the Third-Party Complaint ("TPC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  For the following reasons, the Motion [41] is denied.

# BACKGROUND

The following facts are taken from the Second Amended Complaint ("SAC") and the TPC and assumed to be true for the purposes of the Motion. On July 31, 2013, Defendants Sergeant Robert Lee and Officers Martin Creighton and Vincent Clark of the Naperville Police Department performed a search of a residence at 2565 Brockton Circle, Naperville, Illinois, 60565. (SAC ¶ 9.) Plaintiff's fiance's brother was in the residence at that time and in distress. (SAC ¶ 12.) After he was removed from the residence, Plaintiff requested and received permission to enter the residence from an unidentified commanding official. (SAC ¶ 12.) Upon entering, Officer Creighton "violently threw Plaintiff out of the residence and onto the ground." (Compl. ¶¶ 13-14.) Defendants allege that Plaintiff's injuries were caused by the conduct of Anthony Garcia, who was present at the residence at the time of the events that gave rise to this claim. (Dkt. 35 ¶ 8.) Defendants further allege that Garcia grabbed Creighton, and jumped on him from behind, causing him to collide with Plaintiff. (*Id.*) Once Plaintiff was on the ground, Officer Clark "caused Plaintiff to stay on the ground," and Sergeant Lee did not intervene at any time in reaction to this use of force. (Compl. ¶¶ 16-18.) Plaintiff also alleges that Officer Creighton "struck" her. (*Id.* at ¶ 38.)

Plaintiff filed this action, claiming she suffered physical and emotional injuries as a result the Officers' actions. (*Id.* at ¶ 18.) Plaintiff included the City of Naperville as a party to this action, alleging liability for the Officers' actions under *respondeat superior* and indemnification. (*Id.* at ¶¶ 78-81.) Defendants filed a TPC against Garcia for contribution under Illinois' Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01 *et. seq.* (2015), alleging that his negligence contributed to Plaintiff's injuries. (Dkt. #35 ¶¶ 7-11.)

## LEGAL STANDARD

*12(b)(6) Motion*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). To survive a 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

For purposes of a motion under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012); *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

"A plaintiff's claim for a Section 1983 deprivation is valid if she can show that the police officers acted intentionally or in reckless disregard to deprive her constitutional rights." *Jamison v. McCurrie*, 565 F.2d 483, 486 (7th Cir. 1977). Under Illinois law, a defendant can claim contribution for a tort claim against him from another third party, unless the defendant's actions were intentional. *See Appley v. West,* 929 F.2d 1176, 1180 (7th Cir.1991) (citing *Gerrill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 542 (Ill. 1989)); *see also Jordan v. Jewel Food Stores, Inc.*, 83 F. Supp. 3d 761, 770 (N.D. Ill. 2015).

Under Illinois law, "willful and wanton conduct" is a "hybrid between acts considered negligent and behavior found to be intentionally tortious." *Ziarko v. Soo Line R.R.*, 641 N.E.2d 402, 406 (Ill. 1994). Willful and wanton conduct encompasses acts that are "intentional and acts that are unintentional but reckless." *Id.* at 408. "[W]hether a willful and wanton defendant should be permitted to seek contribution . . . depends upon whether the willful and wanton defendant's acts were reckless or intentional." *Id.* "[G]enerally, tort intent means a desire to cause consequences or at least a substantially certain belief that the consequences will result." *Id.* at 406. Garcia argues that the TPC should be dismissed because the basis for the claim against Garcia is Count I of the SAC, which does not specifically allege that Defendant Creighton's conduct was either willful and wanton, or reckless or intentional. (Dkt #35 ¶ 8.)

Garcia provides no authority to support his argument that the relevant count of a complaint must specifically allege "willful and wanton", reckless, or intentional conduct in order to support a claim for contribution. As Defendants note, much of the authority cited by Garcia included a judicial determination of some type as to whether the plaintiff's conduct was intentional. It would be inappropriate at this stage in the proceedings to make a determination whether Defendant Creighton's conduct was intentional such that a claim for contribution should be dismissed. Thus, Garcia's Motion to Dismiss is denied.

**CONCLUSION**

For the reasons discussed above, Third-Party Defendant Garcia's Motion to Dismiss [41] is denied.

Date: _____March 29, 2016_____     _____

JOHN W. DARRAH
United States District Court Judge