## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES REITZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 1854 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| OFFICER MARTIN CREIGHTON, | ) | |
| et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## INTRODUCTION

We are told with increasing frequency that "[p]re-trial discovery under modern federal practice has become a monster on the loose and that "[p]re-trial proceedings have become more costly and important than trials themselves,'" *ADD MODERN CASE A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986). Indeed we have it on the highest authority that "protracted pretrial discovery is the bane of modern federal litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000). Accord, *Menard v. CSX Transp., Inc.*, 2014 WL 359956, at *1 (D. Mass. 2014). The present controversy is an example of why these concerns about discovery continue to b expressed.

On September 16, 2019, the plaintiff filed a Motion to Deem Admitted the Defendants' Answers to the Plaintiff's Requests 1-24. [Dkt. # 144]. At the time the case was assigned to Magistrate Judge Finnegan as the designated magistrate. The case was terminated in September of 2017 due to "inability of Plaintiff to litigate the case." [Dkt. # 124]. One of plaintiff's expert witnesses was stricken by a serious illness. [Dkt. #122]. Magistrate Judge Finnegan understandably

closed the referral. [Dkt. # 125]. About a year later, plaintiff moved to reopen the case, and Judge Coleman – who was newly assigned to the matter, and the third District Judge to preside over this case – granted the motion. [Dkt. ## 129, 131]. Judge Coleman referred the plaintiff's recent motion to me on October 11, 2019. [Dkt. # 153]. For the reasons discussed below, the plaintiff's motion is denied.

## FACTUAL BACKGROUND

### A.

The factual issue underlying the case involves what happened between three police officers – Vincent Clark, Martin Creighton, and Robert Lee – and the plaintiff, Frances Reitz, inside and just outside the home of third party defendant, Anthony Garcia, who was also present. [Dkt. ## 23, 29, 61, 63]. Plaintiff alleges she was forcibly thrown to the ground and wrongfully arrested. The police have a very different view of what happened. So, there are perhaps five or six versions of what would not appear to be a complicated occurrence. Yet, this case is well into its fifth year – or its fourth, if one discounts the year of hiatus as a result of the illness of a witness.

The plaintiff has asked for, and has been given, at least four extensions of the discovery deadline. [Dkt. ## 64, 71, 95, 97, 101, 103, 108, 110, 122]. All told, minus the year that this case was on hold due to the illness of plaintiff's witness, as of April 2019, the original discovery deadline has been extended by two years [Dkt. ## 10, 137], for a total of more than three years of discovery. But, as all things, good and bad, must end, including discovery. *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015); *Liqwd, Inc. v. L'Oreal USA, Inc.*, 2019 WL 2083299, at *2 (D. Del. 2019). Judge Coleman thus ordered discovery closed on May 16, 2019. [Dkt. #137].

That means that plaintiff's motion to deem admitted was due no later than April 15, 2019.

Fed.R.Civ.P. 36(a)(3); Local Rule 16.1(4). Failure to timely respond results in the matter being deemed admitted. *Id.* But, in her motion, plaintiff tells us that she did not submit her "requests to admit" to defendants until *three months after that*, on July 26, 2019. [Dkt. #144]. Her motion is exceedingly and unjustifiably late. Plaintiff neither moved for, nor was granted any additional extension of time in which to complete discovery. Even though procrastination can be fatal in these matters, *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 28 (1st Cir. 2013), on August 16th, Judge Coleman generously allowed plaintiff's late submissions and ordered defendants to respond to the plaintiff's requests to admit by September 9, 2019. [Dkt. #141].

**B.**

As with all discovery matters, a district court has significant discretion in ruling on a motion under Fed.R.Civ.P. 36. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). Within that range of discretion, it certainly would be unfair, given that plaintiff was not held to the letter of the discovery deadline, *see Edeh v. Equifax Info. Servs., LLC*, 2013 WL 12304665, at *2 (D. Minn. 2013)(collecting cases holding requests to admit to discovery deadlines) – not to mention several discovery deadlines prior to that – to hold defendants to the letter of Fed.R.Civ.P. 36 and grant plaintiff the harshest sanction available under the Rule. Every accommodation allowed one side has a corresponding effect on the other.

Moreover, it is not as though defendants failed to respond at all; plaintiff just does not like their responses, especially since they fail specifically to state that reasonable inquiry was made before the denial. The movants note that the Rule requires that a reasonable inquiry be made as a precondition to a denial. Fed.R.Civ.P. 36(a)(4). In most instances, when that is the issue, the

harshest remedy is to allow the responding party to amend its answers to conform with the Rule. *See, e.g., Brown v. Overhead Door Corp.*, 2008 WL 4614299, at \*2 (N.D. Ill. 2008); *Loudermilk v. Best Pallet Co., LLC*, 2009 WL 3272429, at \*7 (N.D. Ill. 2009); *Adams v. Cananagh Communities Corp.*, 1988 WL 64097, at \*2 (N.D. Ill. 1988).

Rule 36, Federal Rules of Civil Procedure, is, under the view of many, not really a discovery device in the traditional sense that it is used to unearth unknown relevant facts, but rather to establish facts without the necessity of formal (often contested) proof at trial. *United States v. Kasuboski,* 834 F.2d 1345 (7th Cir.1987); *Anderton v. Walmart Stores, Inc.*, 2012 WL 3526788 at \*4 (S.D.Ill. 2012); *Sommerfield v. City of Chicago,* 251 F.R.D. 353, 356 (N.D.Ill. 2008); *Nat'l Semiconductor Corp. v. Rantron Intern'l Corp..*, 265 F.Supp.2d 71, 74-75 (D.D.C. 2003).[1] *See* 7 Moore's Federal Practice § 36.02[2] (3d ed. 2000) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes."); *Stallings-Daniel v. The Northern Trust Co.,* 2002 WL 424629, at \* 1 (N.D.Ill.2002); *National Semiconductor Corp. v. Ramtron Intern'l Corp.*, 265 F.Supp.2d 74, 75 (D.D.C. 2003).

Properly used, requests to admit serve the expedient purpose of eliminating the necessity of proving at trial essentially undisputed issues of fact. *See Donovan v. Carls Drug Co., Inc.*, 703 F.2d

---

[1] *Cf.,Laborers Pension Fund v. Blackmore Sewer Construction*, 298 F.3d 600, 605, n. 2 (7th Cir. 2002)("We need not decide today whether requests for admission are a discovery device or should be characterized otherwise. The requests filed here were untimely no matter how they are characterized, and the district court did not abuse its discretion in so finding. We note for future consideration that Rule 29 seems to contemplate that requests for admission are a discovery device.'). While requests to admit are not treated as traditional "discovery devices" by most courts, they are treated as within the discovery rules for purposes of closing dates for discovery. *Finnerman v. DaimlerChrysler Corp.*, 2017 WL 4772736 at \*4 (N.D.Ill. 2017).

650, 652 (2d Cir.1983); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir.1966); *Yahaya v. Hua*, 1989 WL 214481, at *6 (S.D.N.Y.1989); *State of Vermont v. Staco, Inc.*, 684 F.Supp. 822, 829 (D.Vt.1988); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D.Conn.1988).  "'Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.'" *United Coal Co. v. Powell Construction Co.*, 839 F.2d 958, 968 (3d Cir.1988).

Even if they had been timely submitted, the plaintiff's requests here are not in keeping with the salutary purpose of Rule 36. In the main, plaintiff has not asserted any facts, true or false, but has offered her interpretation of deposition testimony, and asked defendants to admit or deny it.  But it is unnecessary to demand a party admit or deny what is contained in a deposition. The witness either said what is quoted or he didn't. *South Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc.*, 183 F.Supp.3d 197,  240 (D.Mass. 2016); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 354 (N.D. Ill. 2008). A request to admit the underlying truth or falsity of that testimony is not a proper request to admit – at least not in most cases.[2]

Plaintiff first complains that Defendant Clark, Lee, City, and Creighton's Answers to Plaintiff's Requests to Admit 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14 improperly refer the plaintiff to discovery documents and should be deemed admitted.  But there is nothing forbidding any citation to evidence.  Fed.R.Civ.P. 36(a)(4); *see, e.g., Gidarisingh v. McCutcheon*, 2018 WL 3637537, at *3 (E.D. Wis. 2018); *Glover v. Dickey*, 2015 WL 3397740, at *3 (E.D. Wis. 2015).  In the examples plaintiff cites, the defendants clearly state that the request is admitted or denied.  The citation to

---

[2] Of course, relevancy and admissibility of the testimony (or the transcript itself) is a very different matter.

deposition transcripts is of no moment one way or the other.

Next, plaintiff complains that Defendant City, Lee, and Creighton's Objections to Plaintiff's Requests to Admit 1, 2, 3, 5, 7, 8, 9, 11, 13, and 14, state the defendants have no personal knowledge without discussion of a reasonable inquiry. The example the plaintiff cites is that the defendants other than Clark state that they were not competent to admit or deny what the Clark may or may not have observed. That's obviously true. And, while it is a technical requirement of Rule 36 that the party add that they have made a reasonable inquiry, when Defendant A is asked what Defendant B saw, no inquiry is really necessary. Defendant B was deposed on the subject. Plaintiff has the deposition transcript. In fact, plaintiff has had the pertinent deposition transcripts for at least two and in some cases more than three years.

Rather than propound a proper request to admit, plaintiff improperly seems to be playing a game of "gotcha," *see BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc*., 2018 WL 946396, at *3 (N.D. Ill. 2018). But "[d]iscovery is not a game of 'gotcha.'" *Id. See also Securities & Exch. Comm'n v. Ferrone*, 163 F. Supp. 3d 549, 559 (N.D. Ill. 2016). Plaintiff even states that, despite the parties all having been deposed, defendant was supposed to have interviewed officer Clark on all the points raised in plaintiff's requests to admit: to in effect depose him again. In the case plaintiff relies on, the defendant officers were unidentified and obviously had not been deposed. *See Taborn v. Unknown Officers*, 2001 WL 138908, at *1 (N.D. Ill. Feb. 16, 2001). What is being attempted here is not a narrowing of issues for trial, but a redoubling of discovery long after discovery has closed. If plaintiff thinks a deponent was lying, that is a matter to be resolved at trial by a jury, although plaintiff has delayed that reckoning for over three years. [Dkt. #10, 95, 97, 100, 137]. Resolution of the truth is the purpose of the trial, itself. *Kansas v. Cheever*, 571 U.S. 87, 94

(2013); *Holder v. Illinois Dep't of Corr.*, 751 F.3d 486, 492 (7th Cir. 2014). Therefore, to ask that someone affirms the truth or falsity of testimony given in support of or opposition to a party's position is an inappropriate use of Rule 36. Plaintiff's motion is denied as to these requests.

**C.**

The same reasoning applies to plaintiff's motion regarding the City's response/objection to Request to Admit 15, which states: "Commander Adkins told Fran Reitz that she could enter the residence . . . ." The City claimed it made a reasonable inquiry, but lacked direct knowledge on the matter. Plaintiff argues that Commander Adkins was deposed, and the City ought to have reviewed the deposition and admitted or denied what Commander Adkins said. But, again, this is not a situation like *Taborn,* where no one had been deposed. Here, there has been a wealth of depositions supporting and refuting the positions taken by the parties in the case. Rule 36 does not require a party to admit or deny the truth or falsity of deposition testimony. The truthfulness of that testimony – assuming it to be relevant and significant – is for the trier of fact to determine. Rule 36 was never intended to eliminate the need for a trial.

For similar reasons, the plaintiff's motion is also denied as to Requests to Admit, 16, 17, 18, 19, 20, 21, 22, 23, 24, which pertain to medical treatment and/or bills that the plaintiff received as a result of the incident that led to this lawsuit. Obviously, the defendants have no personal knowledge as to what treatment or bills plaintiff received, only what plaintiff has produced in discovery, which has been an ordeal. [Dkt. # 76, 77, 78]. While they may have experts who have either examined plaintiff or reviewed her records, that is another matter entirely.

**CONCLUSION**

Properly used, requests to admit serve the expedient purpose of eliminating the necessity of

proving at trial issues of fact on which there is mutual agreement. Those issues tend to be straight-forward and uncomplicated and do not constitute what is really the gravamen of the case. Requests to admit are intended to save time and expense by narrowing the issues to be tried to those that the parties genuinely dispute. Eliminating the need to prove that about which there can be no reasonable dispute serves both public and private interests in the prompt resolution of disputes. What has been attempted here is the antithesis of the legitimate purposes of Rule 36. *United Coal Co. v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988). The matters sought to be admitted involved the core issues in the case. Little wonder the exhibits supporting the plaintiff's motion were hundreds of pages in length. The plaintiff's motion [Dkt. #144] is denied.

**ENTERED:** _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/12/19